*364 ISHEE, J.,
DISSENTING:
¶ 15. With regard to the majority opinion, I respectfully dissent. In 2014, Kenneth and Teresa entered into mediation regarding their divorce. An agreement was reached that included a $1,000,000 payment from Kenneth to Teresa. Kenneth agreed to pay Teresa the money based on the purchase of certain marital property by a third-party buyer for $2,000,000. The buyer’s offer was conveyed by the mediator. The chancery court later entered an order reflecting the parties’ agreement, including the $1,000,000 payment from Kenneth to Teresa. Later, the buyer’s offer was rescinded. Kenneth then contested the chancery court’s order, arguing that his payment to Teresa was contingent on the sale of the marital property that never occurred. Kenneth further asserted that the buyer’s offer was not legitimate and that the mediator and Teresa committed fraud and misrepresentation. As such, Kenneth attempted to subpoena the mediator to testify at a hearing before the chancery court regarding the alleged offer to purchase the marital property. The chancery court quashed the subpoena and eventually denied Kenneth’s requests to revisit the divorce order. Kenneth now appeals. Finding error, I would reverse and remand this case to the chancery court for further action consistent with the findings of this opinion.
STATEMENT OF FACTS
¶ 16. On June 17, 2014, Kenneth and Teresa entered into a mediation regarding the division of their marital property pursuant to their divorce proceedings. William J. Lutz served as the parties’ mediator. Kenneth, Teresa, and their respective attorneys were also present at the mediation.
¶ 17. Kenneth and Teresa owned several pieces of property, including certain property known as “the Hill property.” During the mediation, Teresa represented that she had an offer from a third-party buyer to purchase the Hill property for $2,000,000. Kenneth’s attorney testified that Lutz informed them that “[Teresa] is on the phone with [the buyer] now. He has offered to purchase the Hill property only for $2,000,000.” Neither Kenneth nor his attorney verified the buyer’s offer.
¶ 18. Nonetheless, based on the buyer’s offer, Kenneth agreed to sell the Hill property and pay Teresa $1,000,000. However, the day after the divorce was finalized, the buyer rescinded his offer. In turn, Kenneth contested the judgment of divorce, arguing that he only agreed to pay Teresa the $1,000,000 based on the sale of the Hill property even though the contingent sale was not included in the language of the divorce order. Kenneth further averred that Teresa, the buyer, and Lutz had induced him into agreeing to the payment based on fraud and misrepresentation.
¶ 19. In preparation for the hearing on the matter before the chancery court, Kenneth requested the chancery court’s leave to conduct additional limited discovery regarding the statements of Teresa, the buyer, and Lutz. The chancery court denied Kenneth’s motion. Kenneth then attempted to subpoena Teresa, the buyer, and Lutz to testify regarding the alleged terms of the sale. The chancellor quashed all three subpoenas with little explanation. When the hearing concluded, the chancellor denied Kenneth’s motion to alter or amend the ■ judgment of divorce. Aggrieved, Kenneth now appeals.
DISCUSSION
¶20. It is well settled that appellate courts are bound by a limited standard of review in domestic-relations matters. See, e.g., Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss. 1994). The Mississippi Supreme *365 Court has held that a chancellor’s findings of fact, especially in domestic-relations cases such as the instant case, “will generally not be overturned by [the appellate court] unless they are manifestly wrong.” Fancher v. Pell, 831 So.2d 1137, 1140 (¶ 15) (Miss. 2002) (citing Nichols v. Tedder, 547 So.2d 766, 781 (Miss. 1989)). The chancellor must have been “manifestly wrong, clearly erroneous, or an erroneous legal standard [must have been] applied,” for the findings to be overturned. Montgomery v. Montgomery, 759 So.2d 1238, 1240 (¶ 5) (Miss. 2000).
¶21. In quashing the subpoenas, the chancellor provided little explanation for the quashing of Teresa and the buyer’s subpoenas and determined that the confidentiality agreement contained in the mediation agreement, in conjunction with applicable mediation rules, prevented Lutz from being subpoenaed. However, there was no hearing regarding the subpoenas, nor were the parties given an opportunity to present evidence to the chancellor regarding their positions on why the subpoenas should or should not be quashed. Kenneth asserts that because he is arguing that the judgment of divorce was procured by fraud or misrepresentation, the chancellor had a duty to hear and consider the arguments of the parties with respect to the subpoenas and the testimonies of Teresa, the buyer, and Lutz in order to properly rule on the matter.
¶ 22. We recognize our limited standard of review in this matter. However, we also acknowledge a chancellor’s obligation to make an informed decision prior to excluding evidence that may be pertinent in determining whether fraud or mistake occurred in the procurement of a judgment. Mississippi Rule of Evidence 1101(b)(1) notes that the Rules of Evidence do not apply to circumstances involving preliminary questions of fact. Specifically, Rule 1101(b)(1) states that evidentiary rules do not apply to “the court’s determination, under Rule 104(a), on a preliminary question of fact governing admissibility^]” Id. In turn, Mississippi Rule of Evidence 104(a) provides: “The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.” The comments to Rule 104(a) further note: “Oftentimes preliminary matters will involve a determination of facts.” As such, “[w]hen the judge hears evidence on these preliminary questions, he is not bound under Rule 104 to apply the [R]ules of [E]vidence.” Lastly, Mississippi Rule of Mediation for Civil Litigation VII.D. permits the chancellor “to determine, in camera, whether the facts and circumstances and context of the communications or materials sought to be disclosed warrant a protective order of the court or whether the communications or materials are subject to disclosure.”
¶ 23. The record indicates that Kenneth only requested subpoenas for Teresa, the buyer, and Lutz after the chancery court denied his motion to conduct limited discovery into the statements made by the potential witnesses during the mediation. By denying Kenneth’s request to allow discovery on this narrow issue and further quashing the subpoenas without a hearing or other informative outlet, the chancery court was without enough information on the matter to make a proper ruling. I find, at a minimum, the chancellor should have allowed for a hearing on the issue of the subpoenas and permitted an in camera review of the witnesses’ testimonies. In doing so, the chancellor would have been afforded the opportunity to hear all relative information and thereafter make a comprehensive ruling on whether or not the witnesses should have been subpoenaed. As such, I would reverse and remand the chancery court’s judgment for *366 further action consistent with the findings of this opinion.
LEE, C.J., IRVING, P.J., FAIR AND JAMES, JJ., JOIN THIS OPINION.